IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE SCALIA,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>IDEAL HOMECARE AGENCY, LLC.;<br>and MADHAV DHITAL,<br><br>Defendants. | Civil Action No. 20-732 |

## COMPLAINT

Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Ideal Homecare Agency LLC., a Pennsylvania corporation, and Madhav Dhital, individually and as president, officer, and manager of the aforementioned corporation (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant Ideal Homecare Agency LLC ("Ideal") is a corporation duly organized under the laws of the State of Pennsylvania. Ideal's registered office and principal place of business is 330 Curry Hollow Rd., Pittsburgh, PA 15236 in Allegheny County, within the

jurisdiction of this Court. Ideal is engaged in a home health care business operating out of this same address, within the jurisdiction of this Court.

3. Defendant Madhav Dhital is the owner, president, and registered agent of Ideal. Dhital directed employment practices and has directly or indirectly acted in the interest of Ideal in relation to its employees at all relevant times herein, including hiring, firing, supervising, signing paychecks, and setting the conditions of employment for home health aides and caregivers.

4. The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

5. Defendants employ persons in domestic service for profit, which affects commerce per Section 2(a)(5) of the Act. Defendants' employees provide in-home healthcare services to Ideal's clients. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Defendants are employed in an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A) of the Act.

6. Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or handling goods or materials that have been moved in or produced for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

Case 2:05-mc-02025 Document 736 Filed 05/20/20 Page 3 of 5

7. For example, during the time period from at least December 24, 2016, through at least December 15, 2018, Defendants failed to compensate certain of their employees employed as caregivers who worked over 40 hours in a workweek hours at rates not less than one and one-half times their regular rates. These employees worked at least one hour in excess of forty per workweek, and many employees worked between approximately 50 and 90 hours total per workweek on average. Defendants only paid these employees their straight-time hourly rates for all hours worked, and did not pay the required one and one-half premium rate for overtime hours worked. Even when Defendants began paying some caregivers the proper overtime premium, they continued paying others straight time for overtime.

8. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

9. For example, Defendants failed to keep and preserve payroll records for employees for at least three years, including employees' full name, home address, date of birth, sex, occupation, time and day of the start of their workweek, regularly hourly rate of pay, hours worked each day and each workweek, total weekly straight-time earnings, total weekly overtime premium pay, total additions to or deductions from wages, total wages paid per pay period, and date of payment and period covered by payment. 29 C.F.R. §§ 516.2(a), 516.5(a). Further, Defendants failed to keep accurate records of employees' weekly overtime premium pay due to their practice of paying employees their straight time hourly rates for all hours worked. Defendants also failed to keep accurate records of amounts due to employees for time spent traveling between clients' homes.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least December 24, 2016, through at least December 15, 2018, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after December 15, 2018, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
|---|---|
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>170 S. Independence Mall West<br>Suite 630E, The Curtis Center<br>Philadelphia, PA 19106 | Kate S. O'Scannlain<br>Solicitor of Labor<br><br>Oscar L. Hampton III<br>Regional Solicitor<br><br>*/s/ John M. Strawn*<br>John M. Strawn<br>PA Bar ID No. 49789<br>strawn.john@dol.gov<br>215.861.5145<br><br>*/s/ M. del Pilar Castillo*<br>M. del Pilar Castillo<br>PA Bar ID. No. 311215<br>castillo.m.pilar@dol.gov<br>215.861.5186 |