IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor,<br><br>        Plaintiff,<br><br>    v.<br><br>**IDEAL HOMECARE AGENCY, LLC,**<br>**MADHAV DHITAL,**<br><br>        Defendants. | 2:20cv732<br>**Electronic Filing** |

## MEMORANDUM ORDER

AND NOW, this 28th day of September, 2021, upon due consideration of plaintiff's motion for leave to amend and the parties' submissions in conjunction therewith, IT IS ORDERED that [42] the motion be, and the same hereby is, granted.

It is well settled that Rule 15(a) provides that leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a). Determinations of whether to grant leave are committed to the sound discretion of the court. Foman v. Davis, 371 U.S. 178, 182 (1962). Grounds that justify a denial or conditional restriction include "undue delay, bad faith, dilatory motive, prejudice, and futility." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)). Denying leave based upon one or more of these factors must be grounded in specific findings that justify the exercise of the court's discretion. Coventry v. United States Steel Corp., 856 F.2d 514, 518 (3d Cir. 1988).

"The mere passage of time does not require that a motion to amend be denied on the grounds of delay." Cureton v. National Collegiate Athletic Assoc., 252 F.3d 267, 273 (3d Cir. 2001) (citation omitted). "In fact, delay alone is an insufficient ground to deny leave to amend."

Id. It is only when the delay becomes (1) "undue" and places an unwarranted burden on the court or (2) prejudicial and places an unfair burden on the opposing party that restricting leave to amend becomes warranted as a result of the passage of time. Id. The focus of the court's inquiry under this factor is based upon the movant's reasons for not seeking leave at an earlier date. Id. In contrast, "substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend." Id. The inquiry under this prong is based upon the hardship the non-movant will endure if the amendment is permitted. Id.

As a general matter "prejudice under [Rule 15] means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the party." Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1189 n.8 (3d Cir. 1994) (quoting Deakyne v. Commissioners of Lewes, 416 F.2d 290, 300 n.19 (3d Cir. 1969)). In other words, to show prejudice the party opposing the amendment "must show that it [will be] unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have [otherwise] offered." Id. (citation omitted); Cureton, 252 F.3d at 273 (Changes in the legal or factual basis of a claim that will prevent the defendant from presenting a defense reflect the hallmark of substantial prejudice.).

The issue of prejudice is a factual matter that must be resolved by the court. Resolution of the issue must be based upon specific findings of fact reflecting actual prejudice. Coventry, 856 F.2d at 518 ("the district court did not, however, identify any particular prejudice that would result from permitting the amendment [and] for that reason, we are persuaded that its decision was in error.").

The Secretary sought leave to amend specifically to advance the position that defendants' alleged violations were willful and to clarify the grounds upon which the averments of willfulness rest. A corresponding expansion of the recovery period from 2 years to 3 years also

has been set forth in the proposed amended complaint, resulting in a recovery period from at least December 24, 2015, through at least December 24, 2018.

Defendants' contention of untimeliness is unavailing. First, the Secretary's motion for leave was filed within the initial deadline established in the case management order for amending claims and/or adding parties. And the mere fact that this deadline is years from the date the Secretary began his investigation into Ideal Homecare's payroll practices seeks to interject considerations that are misplaced. Both parties were granted a preliminary period within which to seek such leave to amend and the Secretary timely sought leave within that period. The notion that there nonetheless is a lack of diligence or the presence of improper prejudice is unpersuasive under these circumstances.

Moreover, the timing of Secretary's motion sufficiently was correlated to the information gained from the ongoing development of the record through discovery. The Secretary took the deposition of defendant Madhav Dhital on June 4, 2021. The Secretary then filed the motion for leave on June 15, 2021, which was within the court's case management order deadline of June 16, 2021, for such motions. The Secretary asserts that the deposition provided factual foundations for the existence and use of a waiver (that had not been previously verified by defendant) and the development of a payroll practice using a manipulated hourly rate. It is the Secretary's position that verification of these asserted practices in discovery provide the foundation for placing defendant on specific notice that these grounds will be used to support a finding of willfulness. Liberally granting leave to amend the pleadings to conform with the development of the record is within the long-standing practices that have developed under Rule 15(a). See 6 Wright, Miller, and Kane, Federal Practice and Procedure, § 1488 ("Quite appropriately the courts have not imposed any timing restrictions on requests for leave to amend and permission has been granted under Rule 15(a) at various stages of the litigation. These

include: following discovery . . . [and throughout pretrial development and the stages of trial].") (collecting cases). Thus, there is nothing inappropriate in the Secretary waiting until there was a developed evidentiary basis to emphasize the additional grounds for pursuing the presence of willfulness in the case.

Finally, defendants' attempt to invoke the protective shield of undue prejudice is without foundation. The amendments will increase the scope of discovery by requiring the production of an additional 9 months of payroll records and will expose defendants to an additional year of potential back wages in the event of liability and a finding that the violations were willful. And it may well require other forms of discovery. But this form of prejudice is not the type of "undue" prejudice that warrants denial of leave to amend at this juncture. Discovery in the case is ongoing and averments placing defendants on notice of the Secretary's intent to pursue a finding of willfulness were included in the original complaint. Against this backdrop, having to defend a claim that has been raised but not yet litigated to finality is hardly undue. See Adams, 739 F.2d at 868-69 (in the absence of tactical bad faith or other dilatory motive on behalf of the movant or other exceptional circumstances, requiring a defense against the merits of a claim that is neither subject to dismissal nor has been decided on the merits is not a form of prejudice that warrants denial of leave to amend); Dole v. Arco Chemical Co., 921 F.2d 484, 488 (3d Cir. 1990) (prejudice in the form of having to defend a new or amended claim in ongoing litigation under circumstances that will not seriously impair or disadvantage the opponent does not in itself provide grounds for denying leave to amend). It follows that the prejudice highlighted by defendants does not supply an adequate basis to deny the Secretary's motion for leave to amend.

For the reasons set forth above, the Secretary's motion for leave to amend has been

granted.

                                                  s/ David Stewart Cercone
                                                  David Stewart Cercone
                                                  Senior United States District Judge

cc:    Maria del Pilar Castillo, Esquire
        Ethan Dennis, Esquire
        Dane Steffenson, Esquire
        Angelo Spinola, Esquire

        (*Via CM/ECF Electronic Mail*)