IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:20cv732 |
| | ) | **Electronic Filing** |
| **IDEAL HOMECARE AGENCY, LLC,** | ) | |
| **MADHAV DHITAL,** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

AND NOW, this 22nd day of February, 2022, upon due consideration of defendants' motion to compel and the parties' submissions in conjunction therewith, IT IS ORDERED that [43] the motion be, and the same hereby is, denied. This ruling is without prejudice to pursue follow-up discovery that is consistent with the pleadings as amended and the rulings below.

Requests 5 through 7 as propounded seek communications about what essentially is a legal question for the Court to decide: to wit, whether the 2015 Rule properly is to be given <u>Chevron</u> deference and both the third-party employer and the definitional components of the companionship and live-in exemptions are entitled to be treated as having the force of law notwithstanding the Court's decisions in <u>Encino Motors</u> - as advocated by the Secretary. And as noted by the Secretary, the internal conversations that DOL employees may have had after <u>Encino Motors</u> about the impact of that case on the 2015 Rule and the exemptions are not capable of binding the Secretary as to any personal opinion reflected in the communications or even supplying probative evidence that can be used to undermine the validity of the Rule and exemptions. Thus, as propounded the requests seek what can only essentially be viewed as a mountain of irrelevant information.

Moreover, Requests 5 through 7 as propounded are overbroad and unduly burdensome. The requests seek communications across the Department of Labor and attempt to straddle the Secretary with engaging in an extensive undertaking to search, track, document, review and redact for privileged material a sea of documents which appear to be irrelevant notwithstanding the court's granting of defendant's motion to amend answer.  Consequently, further explanations or analysis of the appropriateness of the requested information is unnecessary notwithstanding that some tiny fraction of the documents might somehow reflect nonbinding statements consistent with defendants' litigation strategy or be incorporated in court submissions to bolster the same.

The record does not support further relief as to Requests 8 and 9 as propounded.  The Secretary's response sufficiently establishes that defendant has received the non-privileged documents responsive to the requests, which include the information needed to ascertain the details about each individual employee's daily activities.  Given the questionable relevancy of this information as to the issues in the case, there is an inadequate basis for compelling further relief.  Nevertheless, defendants may follow-up with requests for other specifically identified documents that they believe will contain log entries reflecting the identity of the investigators involved in the investigation and the amount of time those individuals logged on the matter.

Request 10 seeks information that is not relevant to the issues in the case.  The settlement of other cases of which defendants are/were unaware has no bearing on whether defendants' pay practices violated the applicable laws.  The notion that such information can be submitted to the jury as justification for defendants' pay practices is nonsensical.  And the unbounded Request is

2

unduly burdensome in any event.

s/ David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:     Maria del Pilar Castillo, Esquire
        Ethan Dennis, Esquire
        Dane Steffenson, Esquire
        Angelo Spinola, Esquire
        John J. Richardson, Esquire

        (*Via CM/ECF Electronic Mail*)

3