IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:20cv732 |
| | ) | **Electronic Filing** |
| **IDEAL HOMECARE AGENCY, LLC,** | ) | |
| **MADHAV DHITAL,** | ) | |
| | ) | |
| Defendants. | ) | |

**<u>OPINION</u>**

On May 20, 2020, the Secretary of Labor ("Secretary") commenced this enforcement action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq* ("FLSA" or "Act"), seeking back wages, liquidated damages and injunctive relief in conjunction with numerous employees of defendants Ideal Homecare, LLC, and Madhav Dhital ("Ideal Homecare" and/or "defendants"). The Secretary invoked Section 17 of the Act as the basis for jurisdiction and requested both injunctive relief pursuant to that section and a judgment for back due wages and overtime compensation along with a liquidated damages award pursuant to Section 16(c) of the Act. <u>See</u> Complaint (Doc. No. 1) at ¶¶ 1, addendum clause at (1) & (2). Filed with the original complaint was a form commonly referred to as "Schedule A," which identified 408 individuals for whom the Secretary was seeking to recover such wages and damages. <u>See</u> Doc. No. 1-1. The Secretary has updated Schedule A on two occasions. Presently before the court is defendants' motion pursuant to Federal Rule of Civil Procedure 12(f) to strike those updated schedule As. For the reasons set forth below, the motion will be denied.

On September 14, 2021, the Secretary filed a "Notice of filing Updated Schedule A" into the record and attached an "Amended Schedule A." <u>See</u> Notice (Doc. 74, 74-1). The Secretary

noted authority that has recognized the practice of "supplementing Schedule A to add employees identified during litigation as due back wages is routine and purely ministerial."  Updated Schedule A at n.1 (citing Acosta v. Fire & Safety Investigation Consulting Svcs., LLC, et al., No. 17-cv-25 (N.D.W.V. May 3, 2018), aff'd, 915 F.3d 277 (4th Cir. 2019) (noting that "[t]he allegations in the original complaint, however, were not confined to those employees specifically listed in Schedule A" and concluding, based on nearly identical language in the complaint, that "there has been no attempt by the DOL to amend its complaint by filing a Revised Schedule A, and the Court overrules the defendants' objection"); Acosta v. Med. Staffing of Am., LLC, Civ No. 2:18-cv226, 2019 WL 4307867, at * 2 (E.D. Va. Sept. 11, 2019)).  Defendants did not challenge the propriety of the Secretary's Amended Notice, which contained the initial 408 employees identified in the initial schedule and added 130 individuals whom the Secretary contends had their rates manipulated, for a total of 538 employees.

On June 15, 2023, the Secretary sought leave to file an amended complaint to advance additional grounds in support of a finding of willfulness.  The court granted the motion by Memorandum Order on September 28, 2021.  See Memorandum Order of September 28, 2021 (Doc. No. 79).  The court noted that the amendment was premised on the Secretary's asserted verification through discovery of the "factual foundations for the existence and use of a waiver (that had not been previously verified by defendant) and the development of a payroll practice using a manipulated hourly rate."  Id. at 3.  In rejecting defendants' claims of undue prejudice, the court further observed that "the amendments will increase the scope of discovery by requiring the production of an additional 9 months of payroll records and will expose defendants to an additional year of potential back wages in the event of liability and a finding that the violations were willful.  And it may well require other forms of discovery."  Id. at 4.

2

The Secretary's Amended Complaint was filed on October 15, 2021.  See Amended Complaint (Doc. No. 81).   An "updated schedule A" was attached.  See Exhibit 1 to Amended Complaint (Doc. No. 81-1).  This amended schedule was identical to the schedule containing the 538 employees that filed into the record on September 14, 2021.  Defendants did not raise a challenge to this amended Schedule A through the rules governing the formation of the pleadings; instead, they answered the Amended Complaint on February 1, 2022.  See Answer to Amended Complaint (Doc. No. 82).

On June 21, 2022, the Secretary filed a notice containing a third amended Schedule A. See Doc. No.s 102 & 102-1.  This notice added 19 additional workers, bringing the total to 557 employees for whom the Secretary is seeking relief.  The Secretary asserts these 19 workers were only discovered to be within the scope relief sought by the amended complaint after 1) the 9 additional months of payroll records proceeding the timeframe examined in the investigation were obtained through third-party discovery directed to Ideal Homecare's payroll providers and 2) the produced documents and information was examined.  See Secretary's Brief in Opposition (Doc. No. 112) at 5.

On June 24, 2022, defendants filed the pending motion to strike.  They contend the Secretary is required to obtain leave to amend schedule A under Federal Rule of Civil Procedure 15 and he failed to do so.  They reason that all amendments to Schedule A have been without leave and therefore have been rendered "legal nullities" which should be stricken from the record.  As a consequence, defendants assert that no additional employees have been added to the initial schedule A, rendering plaintiff's asserted increase of over 100 additional employees and $8,000,000.00 in additional back wages and liquidated damages null and of no effect. Further, defendants contend the amended schedules should be stricken because the "attempted amendments . . . seek[] damages not recoverable under the Federal Labor Standards Act and

3

[reflect] attempts to apply tolling agreements which, by their plain language, have no application to new claimants or claims."  Defendants' Motion to Strike (Doc. No. 103) at 1-2.  In this regard defendants highlight the accrual provision in 29 U.S.C. § 216(c) for individual claimants in an action commenced by the Secretary and assert that the court did not authorize the filing of an amended schedule A when it granted the Secretary's motion to amend the complaint.  They further maintain that by their own terms the tolling agreements executed by the parties are limited to the employees identified in the Department of Labor's investigation and had the Secretary made known that the tolling agreements might be applied to additional employees who were not already identified and/or that the agreements might be used to pursue a recovery for willfulness, "Defendants may not have agreed to one or any of the tolling agreements." Defendants' Brief in Support (Doc. No. 104) at 3.

Based on the above, defendants request that all purported amended schedule As be declared as filed without leave and stricken.  They further request that in the event any new claimants/employees subsequently are permitted to be added upon proper leave, the court declare "the appropriate commencement date for any individual not listed on the initial Schedule A (*i.e.*, 2 years or 3 years, if willful, from the date employee is properly added to the case) . . . and grant to Defendants such further relief as the Court deems just."  Motion to Strike (Doc. No. 103) at 3.

The Secretary counters by highlighting the persistent averments in the complaint and amended complaint that gave defendants express notice of the Secretary's intent to update and add to the employees identified in schedule A as discovery progressed and additional information about defendants' pay practices became available.  The Secretary further posits that Schedule A initially was updated after the amended complaint was filed adding clarification to the rate manipulation claim(s) and defendants' payroll data was reviewed in conjunction with the alleged artificial manipulation.  Review of that payroll data revealed 130 additional employees

4

for whom the Secretary seeks relief.  Schedule A was amended a second time after the additional 9 months of payroll records were produced following the filing of the authorized amended complaint formalizing the Secretary's pursuit of a claim for willfulness; the additional 9 months of payroll data revealed another 19 employees for whom the Secretary seeks relief.  In this regard the Secretary posits that the pleadings sufficiently placed defendants on notice that the Secretary sought relief on behalf of all of defendants' employees who were subjected to the identified pay practices averred to be in violation of the FLSA; and the specific identification of those employees only became available to the Secretary as additional payroll data was produced and reviewed, first with regard to the expanded rate manipulation averments of the amended complaint and then after 9 additional months of payroll data was made available as a result of adding a claim for willfulness.

Against the above backdrop, the Secretary contends that the complaint and amended complaint placed defendants on sufficient notice of the need to update Schedule A as discovery unfolded and any leave to amend already has been granted by the Court's September 28, 2021, order permitting the Secretary to file the amended complaint.  Within this setting the updates to Schedule A reflected a routine ministerial and administrative task for which additional leave was unnecessary.  Beyond this fundamental premise, the Secretary asserts that the motion to strike is untimely because defendants answered the complaint and amended complaint and they have failed to identify any undue prejudice in any event because the employees were added based on defendants' own payroll data.  And the Secretary is prepared to demonstrate that any employee's claims are not time-barred due to the tolling agreements and defendants' arguments run afoul of the Secretary's ability to pursue claims for the employees under Section 17 and relate those claims back to the original complaint under Rule 15 in any event.

Federal Rule of Civil Procedure 12(f) authorizes a court to strike from a pleading "an

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "[m]otions to strike are highly disfavored." Eisai Co., Ltd. v. Teva Pharmaceuticals USA, Inc., 629 F. Supp.2d 416, 424-25 (D. N.J. 2009) (citing Garlanger v. Verbeke, 223 F. Supp.2d 596, 609 (D. N.J. 2002); Tonka Corp. v. Rose Art Indus., Inc., 836 F. Supp. 200, 217 (D. N.J. 1993). They should be granted "only when 'the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" Allied Dental Grp., Ltd. v. State Farm Fire & Cas. Co., No. CIV.A. 12-1637, 2013 WL 5436948, at *3 (W.D. Pa. Sept. 27, 2013) (quoting Medevac MidAtlantic v. Keystone Mercy Health Plan, 817 F. Supp.2d 515, 520 (E.D. Pa. 2011)). "Indeed, striking a pleading is a drastic remedy to be resorted to only when required for the purposes of justice and should be used sparingly." Spiess v. Pocono Mountain Reg'l Police Dep't, No. 3:10CV287, 2011 WL 662977, at *1 (M.D. Pa. Feb. 14, 2011) (citation and internal quotation marks omitted); accord Johnson v. Anhorn, 334 F.Supp.2d 802, 809 (E.D. Pa.2004) (The standards for striking portions of a plaintiff's complaint under Rule 12(f) are "so strict and . . . only allegations that are so unrelated to the plaintiffs' claims as to be unworthy of any consideration should be stricken.") (quoting Becker v. Chicago Title Ins. Co., No. Civ. A. 03-2292, 2004 WL 228672, at *6 (E.D. Pa. 2004)).

Allegations are immaterial or impertinent and should be stricken "if they do not have an important relationship to the claims pled or do not pertain to the issues involved." Johnson, 334 F. Supp.2d at 809. In contrast, "[w]hen faced with allegations that could possibly serve to achieve a better understanding of plaintiff's claims or perform any useful purpose in promoting the just disposition of the litigation, courts generally deny such motions to strike." Eisai, 629 F. Supp.2d at 425 (quoting Del. Health Care, Inc. v. MCD Holding Co., 893 F. Supp. 1279, 1292 (D. Del. 1995) and 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND

PROCEDURE § 1382, at 695–96 (2d ed. 1990)); accord Miller v. Allstate Fire & Cas. Ins. Co., No. 07-260, 2009 WL 577964, at *2 (W.D. Pa., March 5, 2009) ("when allegations in the Complaint could lead to a 'better understanding of plaintiff's claims or perform any useful purpose in promoting the just disposition of the litigation,' they will not be considered immaterial, impertinent or scandalous, and a motion to strike will be denied.") (citing 5A Wright & Miller at § 1382, 695-96).  In other words, "[u]nder the "strict" standard of Rule 12(f), 'only allegations that are so unrelated to plaintiffs' claims as to be unworthy of any consideration should be stricken.'"  Eisai, 629 F. Supp.2d at 425 (quoting Johnson, 334 F.Supp.2d at 809).

Moreover, motions to strike are decided on the pleadings alone. DeLa Cruz v. Piccari Press, 521 F.Supp.2d 424, 429 (E.D. Pa.2007).  Given this setting, "Rule 12(f) motions often will not be granted where the challenged allegations depend on disputed issues of fact, due to the 'practical difficulty of deciding cases without a factual record.'"  Eisai, 629 F. Supp.2d at 425 (quoting Tonka Corp., 836 F. Supp. at 217 and citing United States v. Sensient Colors, Inc., 580 F. Supp.2d 369, 374 (D. N.J. 2008) (noting the reluctance of courts to grant Rule 12(f) motions "out of a concern that they often involve a premature evaluation of a [pleading's] merits").  And even where the facts are not in dispute, "courts should not use a Rule 12(f) motion 'to determine disputed and substantial questions of law.'"  Eisai, 629 F. Supp.2d at 425 (quoting Tonka Corp., 836 F. Supp. at 218).

Pursuant to these standards, defendants' motion to strike will be denied for three reasons.  First, contrary to defendants' position, the court is satisfied that the Secretary sufficiently did seek and obtain leave to amend schedule A.  The Secretary's initial complaint placed defendants on notice that the scope of relief sought by the Secretary's enforcement action encompassed an injunction and a judgment for unpaid minimum wage and overtime compensation due to certain of "Defendants' current and former employees listed in the attached Schedule A," an equal

amount in liquidated damages, as well as ongoing back wages and damages for the individuals listed in schedule A and "to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A."  Complaint (Doc. No.1) at addendum clause ¶¶ (1), (2).  It also placed defendants on notice that the Secretary would seek disgorgement of any such wages and overtime compensation along with prejudgment interest in the event liquidated damages were not awarded.  Id. at ¶ (3).  Thus, defendants have been on notice since the service of the complaint that the Secretary intended to revise schedule A to the extent additional employees within the scope of the complaint were discovered during the litigation.

Furthermore, the Secretary did seek leave to amend to formalize the Secretary's asserted verification through discovery of the "factual foundations for the existence and use of a waiver (that had not been previously verified by defendant) and the development of a payroll practice using a manipulated hourly rate."  Memorandum Order of September 28, 2021 (Doc. No. 79) at 3.  In rejecting the defendants' assertion of undue prejudice, the court recognized that "the amendments will increase the scope of discovery by requiring the production of an additional 9 months of payroll records and will expose defendants to an additional year of potential back wages in the event of liability and a finding that the violations were willful."  Of course, this potential exposure of liability extended to all employees within the three-year period of liability, subject to any statutory limitations on such relief and/or meritorious defenses that ultimately may be established.  The Secretary again placed defendants on notice that the scope of relief sought by the Secretary's enforcement action encompassed an injunction and a judgment for unpaid minimum wage and overtime compensation due to certain of "Defendants' current and former employees listed in the attached Schedule A," an equal amount in liquidated damages, as well as ongoing back wages and damages for the individuals listed in schedule A and "to certain current

and former employees presently unknown to the Secretary for the period covered by this

Complaint, who may be identified during this litigation and added to Schedule A"  Addendum

Clause of proposed amended complaint (Doc. No. 42-2) at ¶¶ (1), (2).  It also made clear that

disgorgement remained a potential remedy for all such employees in the event liquated damages

are not awarded.  Id. at ¶ (3).  Thus, the court was made well aware of the potential expansion of

relief that would follow from permitting the Secretary to file the amended complaint and it

approved that expansion when it granted the Secretary's motion to amend.

  Given the scope of the relief in the Secretary's initial and amended complaints and the

notice therein that schedule A would be expanded to include past and present employees within

the ambit of the claims that became identified as the litigation progressed, and the court's

granting of leave to amend after review of the proposed amended complaint, defendants'

contention that new and separate leave is needed each time one or more past or present

employees are added or deleted from schedule A is insidious.  Leave was sought and obtained to

place defendants on formal notice of the grounds for the Secretary's claim of willfulness. With

the court's authorization of that leave, defendants were given sufficient notice that additional

employees may well be added to schedule A as discovery unfolded.  Defendants resisted the

Secretary's efforts to obtain discovery from defendants' payroll providers and obtained the

records from the 9-month period only after the court ruled on defendants' motion to quash.  The

Secretary's most recent update to schedule A followed the receipt and review of that payroll data

which was made relevant by the filing of the Secretary's Amended complaint.

  Given this backdrop, the court is satisfied that for the purposes of Rule 15, the notices

amending schedule A at Document Numbers 81-1 and 102-1 merely reflect the technical

supplementation of the leave that had already been authorized.  Cf. Reich v. Great lakes

Collection Bureau, Inc., 176 F.R.D. 81, 84-85 (W.D. N.Y. 1997) (reasoning that in light of the

notice supplied through the allegations of the complaint, updating schedule A to add 280

employees whose identities were only ascertained through discovery was best viewed as a form

of supplementing the pleadings under Rule 15(d) and a "purely technical matter" under the

circumstances in any event); Dole v. Solid Waste Services, Inc., 733 F. Supp. 895, 920-21 (E.D.

Pa. 1989) (permitting amendment of schedule C post trial to include the employees of an entity

which maintained its payroll under the same personnel and payroll system as the other

defendants who tried the case where the Secretary's claims as to the additional entity's employees

were the same, the entity had responsibility to maintain the payroll records but failed to do so,

and the basic issue was an appropriate computation of damages), aff'd 897 F.2d 521 (3d Cir.),

cert. denied, 497 U.S. 1024 (1990); U.S. Dep't of Labor v. Fire & Safety Investigation

Consulting Servs., No. 1:17cv25, 2018 WL 2065941, *3 (N.D. W. Va. May 3, 2018) (where

complaint placed defendants on notice of the intent to pursue the same relief for employees not

yet identified and the Secretary amended schedule A after discovery disclosed additional

employees within the scope of relief, the filing of a revised schedule A did not constitute an

attempt to amend the complaint); Acosta v. Med. Staffing of Am., 2019 WL 4307867, *2 (E.D.

Va., September 11, 2019) (where the Secretary sufficiently places a defendant on notice that

relief is sought for yet to be ascertained employees pursuant to the same claims in the complaint

and acts diligently in ascertaining such employees, formal leave under Rules 15 and 16 to revise

schedule A is not imperative and "the Secretary should be permitted to submit a Revised

Schedule A without amending his complaint."); but see Walsh v. Alliance Mechanical Solutions,

LLC, 2023 WL 1442950, *6-7 (S.D. Al., Feb. 1, 2023) (noting that the Secretary frequently files

for leave to amend schedule A and rejecting the contention that Department of Labor could do so

without such leave after expiration of the court's deadlines and long after receiving the document

production supplying the information needed to do so).  Thus, defendants' contention that

additional leave to update schedule A is needed and as a result the additional employees have not become named parties in the case is unavailing.

Second, identifying the universe of employees for whom the Secretary seeks a recovery will assist both the parties and the court in proceeding toward a fair and just resolution of the case. Identifying the specific individuals helps achieve a better understanding of the Secretary's claims. At the very least, identifying these individuals serves to alert defendants and the court to the individuals for whom defendants must mount a defense as to the challenged payroll practices and it sheds light on the scope of any equitable relief that might be warranted under section 17, should that remedy be reached. It follows that the challenged submissions may well serve to achieve a better understanding of the Secretary's claims in a manner separate and apart from defendants' central attack under Section 16(c). It likewise assists defendants in identifying those individuals for whom they may advance a record-supported challenge for any recovery sought under section 16(c). Given these potential useful purposes in promoting the just disposition of this litigation, the information in the updated schedule As is neither immaterial nor impertinent.

Finally, defendants seek to have adjudicated important issues of fact and law through the minimal presentation of a motion to strike. The issues surrounding the manner, understanding of the parties and meaning to be given to the parties' tolling agreements are anything but uncontested. Defendants seek a resolution of these issues on the face of the pleadings and without proper development and presentation of the record. They likewise seek to have the court apply the limitations in Section 16(c) in the same manner. The use of a Rule 12(f) motion to resolve such central issues of disputed fact and/or law is improper and unwarranted. The court thus declines defendants' invitation to do so.

For the reasons set forth above, defendants' motion to strike will be denied. An

11

appropriate order will follow.

Date: March 7, 2023

s/ David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:    Maria del Pilar Castillo, Esquire
Ethan Dennis, Esquire
Matthew Helman, Esquire
Dane Steffenson, Esquire
Angelo Spinola, Esquire
John J. Richardson, Esquire

(*Via CM/ECF Electronic Mail*)