# IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, )<br><br>Plaintiff, )<br><br>v. )<br><br>**IDEAL HOMECARE AGENCY, LLC,** )<br>**MADHAV DHITAL,** )<br><br>Defendants. ) | 2:20cv732<br>**Electronic Filing** |

## MEMORANDUM ORDER

AND NOW, this 7th day of March, 2023, upon due consideration of the Secretary's motion for a protective order quashing defendants' notice of Rule 30(b)(6) deposition or otherwise limiting the inquiry in conjunction with the noticed topics therein, IT IS ORDERED that [88] the Secretary's motion be, and the same hereby is, granted in part and denied as follows:

The motion is granted to the extent it seeks to preclude inquiry into the Secretary's specific thought and decision-making processes regarding the promulgation and adoption of the Home Care Rule (or 2015 Rule) and why, from a strategic or policy perspective, that Rule does or does not apply or should or should not be recognized as applying to the specific scenarios within this litigation. Thus, for example, inquiry into topics 19 through 22, 25 through 27, and 29, as noticed, is barred. There are more than ample reasons for precluding such inquiries. First, the court has made clear that while defendants may assert the affirmative defense reflected in the Fifth Defense to the Secretary's Amended Complaint, the issues surrounding whether the 2015 Rule properly is to be given Chevron deference is a legal question for the court to decide. See

Memorandum Order of February 22, 2022 (Doc. No. 83) at 1. And as the court has already explained, "the internal conversations that DOL employees may have had after Encino Motors about the impact of that case on the 2015 Rule and the exemptions are not capable of binding the Secretary as to any personal opinion reflected in the communications or even supplying probative evidence that can be used to undermine the validity of the Rule and exemptions." Whether this line of inquiry is advanced as written discovery or sought to be explored as deposition testimony, the inquiry "seek what can only essentially be viewed as a mountain of irrelevant information." Suffice it to say that such inquiries are not made relevant or removed from the scope of privilege by merely recasting them in a Rule 30(b)(6) notice and the court will continue to preclude such inquiries in whatever form presented.

Second, the Secretary has invoked and is entitled to maintain attorney opinion work product, attorney-client privilege and the deliberative process privilege as to the above-referenced areas of inquiry. In other words, as propounded, the court will sustain the invocation of those privileges as to all communications and strategic litigation decisions about whether the 2015 Rule is or is not applicable to the factual situations ultimately established, is or is not entitled to deference and has or does not have a binding effect regarding defendants' established pay practices. Defendants have received sufficient notice of the Secretary's intent to enforce the Rule as promulgated to the issues raised in the amended complaint and thus they have a sufficient basis to challenge the legitimacy of the Rule itself should they ultimately choose to make that challenge.

The motion also is granted as topics 27 through 31. Demands for details concerning any retrospective review, the searches to respond to defendants' discovery requests, public statements regarding the 2015 Rule, acceptable Wage and Hour investigators record time, and compromises

2

in other cases have no bearing on the issues in the case and are woefully disproportionate to any asserted relevance in any event.

The motion is granted as to the balance of the topics to the extent defense counsel seeks to explore the legal strategies and theories of counsel for the Secretary and the legal reasoning and legal strategies she has employed in making the decisions to advance the claims and damage remedies in this lawsuit. Such matters clearly fall within the scope of the attorney work product and the deliberative process privileges. For example, asking for the "bases for the Solicitor's office approving liquidated damages" and the degree to which a purportedly deficient basis for such damages "factored into that decision" (as demanded in topic 12) smacks of an effort to engage in an unrestricted intrusion into such privileges and, notwithstanding defense counsel's reasoning to the contrary, those privileges will be upheld by the court. Counsel should operate on the assumption that the court will bar inquiry as to all similar efforts to engage in such unwarranted intrusions into areas protected by the attorney-client, work product and deliberative process privileges.

The motion is denied without prejudice as to the balance of the topics to the extent defense counsel limits the questioning to the historical information gained through the Wage and Hour investigation, the factual information known or not known during the course of the investigation, the factual information considered or not considering in making decisions about what the investigation did or did not reveal about defendants' pay practices, as so forth. The court agrees with the Secretary that the quality of the investigation is not the focus of the litigation and inquiries about of what could have been done differently or was not done is for the most part irrelevant. Nevertheless, defendants are entitled to understand the contours of the case

3

that was developed against them, its factual underpinning, and what facts were or were not considered in assessing defendants' compliance and/or claimed lack of compliance.

      Defense counsel also may explore the factual basis underlying the particular legal contentions advanced in the amended complaint.  The court agrees with defendants that they are entitled to explore from a factual and historical perspective 1) the amount and bases for all back wages asserted to be owed; 2) the factual underpinnings of the rate manipulation claim; 3) the factual information obtained from interviews during the investigation; 4) the factual information known or not known about defendants' decisions to offer higher flat rates and the decisions that were actually made during the investigation as to whether there was compliance with the law and regulations based on that state of knowledge; 5) the factual information known or not known about defendants' decisions to offer higher flat rates and the laws and regulations which the Secretary maintains prohibit or preclude the use of such pay practices in complying with the FLSA; 6) the laws and regulations which the Secretary maintains prohibit or preclude the extension of a damages credit to defendants for using such a pay structure; 7) the factual information known or not known about defendants' decisions to make changes to the employees' hourly rates; 8) the factual information known or not known about defendants' pay practices as they relate to providing health care coverage and the laws and regulations which the Secretary maintains prohibit or preclude the use of such pay practices in complying with the FLSA; 9) the timeframes investigated during the investigation; 10) the factual underpinnings of each specific form of violating the FLSA advanced in the amended complaint; and 11) the factual information known or not known about defendants' pay practices as those practices relate to paying for hours worked beyond those hours approved by Medicaid - and the laws and regulations which the

Secretary maintains prohibit or preclude the use of such pay practices in complying with the FLSA.

The parties' disputes have advanced far beyond a simple and straightforward straight time for overtime case. In this regard defendants are entitled to develop the record in a manner that will permit the sensible and orderly presentation of the factual record and the parties' respective legal positions on the basic claims and damages at issue in conjunction with summary judgment and/or other motions practice authorized by the court. To the extent defendants focus their questioning on the factual information known and taken into account and/or deemed "irrelevant" in maintaining or failing to maintain compliance with the FLSA, the basic principles of discovery, including understanding the bases and circumstances that support an asserted legal contention in the case, the questioning will be upheld as appropriate – subject to any good faith invocation of privilege.

Suffice it to say that there are many questions defense counsel might ask within the above referenced areas that will not implicate privilege. As to those areas for which an objection for privilege is raised, the time for this court to address the objection is after the deposition has occurred, specific questions have been asked, the potentially offending questions have been met with specific objections and the court has time to reflect on and then properly address the same. Beyond the specific limitations set forth above, broad brush applications of the asserted privileges is not appropriate at this juncture.

In all other aspects the motion is denied without prejudice to 1) either party pursuing additional relief as noted above and/or 2) defendants refining the inquiries not barred above in ways consistent with this Memorandum Order and/or 3) counsel reaching agreement as to appropriate inquiry or alternative method(s) of discovery that address the particular needs of the

defendants in preparing a permissible defense to the claims and damages advance by the Secretary.

                                                                                                    s/David Stewart Cercone
                                                                                                    David Stewart Cercone
                                                                                                    Senior United States District Judge

cc:      Maria del Pilar Castillo, Esquire
            Ethan Dennis, Esquire
            Matthew Helman, Esquire
            Dane Steffenson, Esquire
            Angelo Spinola, Esquire
            John J. Richardson, Esquire

            (*Via CM/ECF Electronic Mail*)