## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:20cv732 |
| | ) | **Electronic Filing** |
| **IDEAL HOMECARE AGENCY, LLC,** | ) | |
| **MADHAV DHITAL,** | ) | |
| | ) | |
| Defendants. | ) | |

### <u>MEMORANDUM ORDER</u>

AND NOW, this 7th day of March, 2023, upon due consideration of defendants' motion for a protective order to limit inquiry in conjunction with the Secretary's notice of Rule 30(b)(6) deposition, IT IS ORDERED that [98], [122] defendants' motion be, and the same hereby is, granted in part and denied in part as follows:

The motion is granted to the extent it seeks to preserve the ability to assert and maintain during the deposition any claim of attorney-client privilege that has not been waived.  The current record fails to support a finding that defendants are invoking or intend to invoke the advice of counsel as a basis for a showing of good faith in conjunction with any asserted period of non-compliance with the FLSA, even though there has been testimony that one particular chart was created with the assistance of counsel.  The claim of privilege at this juncture appears to remain  preserved to the extent inquiries pursuant to topics 10 through 13 directly seek to explore such communications.  Nevertheless, defendants concede that "[s]imilar to the Secretary's own objections to Defendants' notice . . . [t]here are many questions the Secretary

may ask that do not implicate privilege and, thus, . . . the time for this Court to address these objections is [] after the deposition has occurred, specific questions are asked followed by specific objections that this Court can then properly address."  Defendants Brief in Opposition (Doc. No. 99) at 4.  The court will adopt and follow this approach.  The Secretary therefore may question the deponent within all areas of inquiry set forth in the notice.  And of course, any attempt to use an advice-of-counsel defense in response to the merits of the Secretary's claims will be deemed to be a waiver of the privilege and an opening of the door that warrants inquiry into any such communications;

The motion generally is denied to the extent it seeks to preclude the Secretary's inquiry into the information known or not known and the understandings or lack thereof of the defendant employers regarding pay practices and/or the decisions to set or change rates paid to the caregiver employees and/or the understandings as to why defendants had or did not have a basis for believing such practices were in accordance with the applicable laws and regulations.  The mere engagement of counsel does not draw such matters into the ambit of attorney-client communications.  Again, subject to a question-by-question approach, the Secretary may inquire about such matters and defendants may, where appropriate, invoke any preserved claim of privilege - provided the assertion of privilege is not being used as a means for establishing a basis for believing the practice(s) was in compliance with the laws and regulations and/or a good faith defense to the lack of compliance;

The motion is denied to the extent it seeks to limit the Secretary's inquiries to timeframes based on yet-to-be determined limitations, if any, arising from the application of Section 216(c) to the individuals identified in the Amended Schedule As at Document Numbers 81-1 and 102-1. The court has denied defendants' motion to strike and at this juncture the court will permit the

2

Secretary to pursue discovery "during the relevant period" of March 26, 2016, through the present; and

In all other aspects the motion is denied as to the specific topics identified in the Secretary's Notice of Rule 30(b)(6) Deposition.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:    Maria del Pilar Castillo, Esquire
       Ethan Dennis, Esquire
       Matthew Helman, Esquire
       Dane Steffenson, Esquire
       Angelo Spinola, Esquire
       John J. Richardson, Esquire

       (*Via CM/ECF Electronic Mail*)